UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 20-194

SANDRA DIXON,                                                                                      PLAINTIFF,

v.                             **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,                                  DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income benefits on October 2016 and June 2017, alleging disability beginning in September 2016, due to neck pain, back pain, bulging discs, fibromyalgia, autoimmune disease, depression, anxiety, stomach issues, irritable bowel syndrome and chronic fatigue (Tr. 298). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Charlie M. Johnson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Brian

Spillers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:   If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.   Plaintiff was 42 years old when she alleged she became disabled.   Her past relevant work experience consists of work as a nurse.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the cervical spine, carpal tunnel syndrome, depression, anxiety and post-traumatic stress disorder, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to her past relevant work but determined that she has the residual functional capacity ("RFC") to perform a limited range of sedentary work involving up to frequent reaching, handling, fingering, and feeling; occasional balancing, kneeling, stooping, crouching, crawling, and climbing ramps or stairs; and no climbing of ladders, ropes, or scaffolds (Tr. 15).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not find her lumbar degenerative disc disease, IBS with constipation, peripheral edema, or headaches to be "severe" at Step 2; (2) the ALJ improperly discounted the opinions of her treating physicians George Raque, M.D. and Don Chaffin, M.D.; and (3) the hypothetical posed to the VE did not adequately describe her limitations and, as such, the ALJ improperly relied upon the VE's testimony.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ did not find her lumbar degenerative disc disease, IBS with constipation, peripheral edema, or headaches to be "severe" at Step 2.

Based upon the record, this Court finds that the ALJ's determination was based upon substantial evidence. The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). If there is at least one medically determinable, severe impairment, the claim survives and the ALJ

must consider all medically determinable impairments, severe and non-severe, in the remaining steps of the analysis. 20 C.F.R. § 404.1545(a)(1). As Defendant points out, "the failure to find a *particular* medically determinable impairment severe at step two is usually not reversible error". *See Maziarz v. Sec'y of Health & Human Servs*., 837 F.2d 240, 244 (6th Cir. 1987)(emphasis added). Error may be found if the impairments at issue resulted in functional limitation beyond those assessed by the ALJ.

In this case, the ALJ found that the medical opinions in the record, as well as Plaintiff's own testimony, did not establish the functional impact of her lumbar degenerative disc disease, IBS with constipation, peripheral edema, or headaches.

Plaintiff specifically testified that it was her neck injury that prevented her from working full time (Tr. 42). She testified that her back pain was not as bad (Tr. 49), and there is no evidence that surgery or non-conservative treatment was ever recommended for her back.

With regard to edema, There is no medical evidence in the record of any treatment in this regard and Plaintiff testified that she took medication for edema and had swelling in her feet and legs, such that she "sometimes" needed to elevate them (Tr. 56).

Plaintiff also testified about taking medication for bowel issues, but while she claimed her constipation were worsening (Tr. 53, 1681), her gastroenterologist did not significantly change her treatment regimen significantly or assess any resulting limitations (Tr. 1681-83). Nor did Plaintiff offer any theory as to how this condition affected her ability to work, particularly since she worked with it prior to 2016.

As to her headaches, Plaintiff testified that after neck surgery, she still had daily headaches (Tr. 44-45). But contemporaneous records indicated that she denied headaches

postoperatively (Tr. 2379, 2398).

The record does not establish that lumbar degenerative disc disease, IBS, edema, or headaches posed functional limitations beyond those considered or assessed by the ALJ.

Plaintiff's second claim of error is that the ALJ improperly discounted the opinions of her treating physicians George Raque, M.D. and Don Chaffin, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive great weight only if they are supported by sufficient medical data.  *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Plaintiff began treating with orthopedic surgeon, Dr. George Raque, on November 24, 2017, at the referral of her primary care physician, Dr. Don Chaffin. (Tr. 1656). On January 30, 2019, she underwent a C6 Channel Vertebrectomy with Dr. Raque as well as an arterial cervical fusion at C5-C7, anterior cervical instrumentation, depuy – synthes plate C5-C7, anterior interbody device, synmesh to reconstruct C6 corpectomy defect, local autograft for anterior cervical fusion, allograft for anterior cervical fusion, and graft on DBF with neurosurgeon Dr. Charles Crawford. Dr. Raque provided a medical source statement of opinion on February 1, 2019, indicating she would be limited to standing and/or walking less than two hours total in an eight-hour day, sitting no more than two hours total in an eight-hour day, occasionally lifting 10 lbs., and frequently lifting 5 lbs. She was further limited to occasional use of the bilateral hands for repetitive use, bending, balancing, and climbing stairs. In Dr. Raque's opinion she could never stoop or climb ladders and would be absent from work at least four days per month.

In a June 10, 2019 statement, Dr. Chaffin indicated that Ms. Dixon would be limited to standing and/or walking less than two hours total in an eight-hour day, sitting less than two hours in an eight-hour day, lifting 10 lbs. occasionally, and lifting 5 lbs. frequently. Also as found by Dr. Raque, Dr. Chaffin found Ms. Dixon could only occasionally use her bilateral upper extremities for repetitive use. Also, in Dr. Chaffin's opinion, she could never bend, stoop, balance, or climb ladders; she could occasionally climb stairs; and she would be absent at least four days of work per month (Tr. 2391).

The ALJ declined to fully adopt these opinions of extreme functional limitation in the face of mitigating medical evidence in the record. He stated that these opinions are "not well supported by the record" (Tr. 24). For example, the ALJ noted that examinations after the surgery still showed some decreased range of motion, tenderness, and spasms (Tr. 2379, 2398, 2401), but that Plaintiff acknowledged that she was "doing well overall," and that her radicular symptoms had improved (Tr. 2401). Indeed, she denied headaches or numbness (Tr. 2379, 2398, 2401), and maintained normal motor tone, strength, and gait, with no sign of atrophy (Tr. 2404). The ALJ concluded that these findings did not warrant the extreme, work-preclusive limitations Dr. Raque and Dr. Chaffin identified.

The ALJ provided ample reason, supported by specific evidence for discounting these opinions. As such, the Court finds no error in this regard. *See* 20 C.F.R. § 404.1527(c)(3)( "[t]he more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion").

To the extent Plaintiff faults the ALJ for accepting state agency physician Dr. Robert Culbertson's conclusions over those of the treating physicians, the ALJ only accepted Dr.

Culbertson's conclusions to the extent he indicated Plaintiff was not as limited as she claimed (Tr. 17-18). The ALJ did not adopt Dr. Culbertson's conclusions. In fact, the ALJ found Plaintiff was considerably more limited in her functioning (Tr. 18).

Finally, Plaintiff contends that the hypothetical posed to the VE did not adequately describe her limitations and, as such, the ALJ improperly relied upon the VE's testimony. The Court finds that hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective, credible medical evidence.

As for the ALJ identifying the VE as "Michael Dorsey," rather than Brad Spillers, the Court finds this error to be harmless.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of July 2021.

**Signed By:**

<u>Henry R Wilhoit Jr.</u> 

**United States District Judge**